UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DEXTER CARL JONES,

        Petitioner,               Case No. 1:24-cv-826

v.                                    Honorable Sally J. Berens

ADAM DOUGLAS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner initiated this action by filing his Section 2254 petition in the United States District Court for the Eastern District of Michigan. In an order (ECF No. 4) entered on August 9, 2024, the Eastern District transferred the case to this Court for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not

obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I. Factual Allegations

Petitioner Dexter Carl Jones is incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility in Freeland, Saginaw County, Michigan. On December 14, 2022, following a bench trial, the Muskegon County Circuit Court found Petitioner guilty of one count of assault of a prison employee, in violation of Mich. Comp. Laws § 750.197C(A). *See* Register of Actions, *People v. Jones*, No. 2021-0000001222-FH (Muskegon Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C14 (type "Jones" for "Last Name or Business," type "Dexter" for "First Name," select "Search," then select the link for No. 2021-0000001222-FH) (last visited Aug. 22, 2024). On April 10, 2023, the trial court sentenced Petitioner to 29 months to 5 years' incarceration. *See id.* The trial court entered its written judgment of commitment on June 22, 2023. *Id.*

On June 16, 2023, Petitioner filed a *pro per* application for leave to appeal to the Michigan Court of Appeals. *See People v. Jones*, No. 366552 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/366552 (last visited Aug. 22, 2024). In an order entered on August 1, 2023, the court of appeals dismissed the application for leave to appeal for lack of jurisdiction because the trial court had not entered the judgment of sentence before Petitioner filed the application. *See id.*

On August 23, 2023, Petitioner submitted a new *pro per* application for leave to appeal to the Michigan Court of Appeals. *See People v. Jones*, No. 367519 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/367519 (last visited Aug. 22, 2024). On appeal, Petitioner argued that the trial court abused its discretion by denying his motion to dismiss the charge under Michigan's 180-day "speedy trial" rule. (ECF No. 1, PageID.37.) The court of appeals denied Petitioner's application for lack of merit in the grounds presented on November 13, 2023. (*Id.*, PageID.25.) On March 1, 2024, the Michigan Supreme Court denied Petitioner's *pro per* application for leave to appeal. (*Id.*, PageID.26.)

Petitioner filed his Section 2254 petition in the Eastern District of Michigan on March 22, 2024. The Eastern District transferred the action to this Court on August 9, 2024. (ECF No. 4.) In his petition, Petitioner raises the following ground for relief:

> I. 180[-]day rule, MCL 780.133. . . . The prosecuting attorney knew I was incarcerated and did nothing from 2-14-2020 thr[ough] 2-17-2021, although the Supreme Court shut down all courts from April 28, 2020 thr[ough] June 24, 2020. But from June 24, 2020 to February 17, 2021[,] a period over 200 days, the prosecutor took no action and I am entitled to have the charges dismissed with prejudice.

(Pet., ECF No. 1, PageID.6.)

4

**II.     AEDPA Standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in

light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate

courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

**III.     Discussion**

As noted above, Petitioner's sole ground for relief is that the trial court erred by not granting Petitioner's motion to dismiss pursuant to Michigan's 180-day "speedy trial" rule set forth in Mich. Comp. Laws § 780.131 *et seq.* (Pet., ECF No. 1, PageID.6.)

The incident report attached to Petitioner's Section 2254 petition indicates that as of February 14, 2020, Petitioner was incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Muskegon County, Michigan. (*Id.*, PageID.42.) On that date, Corrections Officer Bogner was performing rounds when he stopped to check on Plaintiff. (*Id.*) When Officer

7

Bogner opened the cell door, Petitioner "suddenly approached the door and punched CO Bogner in the face with a closed fist." (*Id.*) Officer Bogner "sustained minor injuries from the assault." (*Id.*) Petitioner was transferred to the now-closed Michigan Reformatory before the Michigan State Police received the referral. (*Id.*)

The incident report is dated March 12, 2020, and notes that as of that date, the "case [was] open pending prosecutor review." (*Id.*) The trial court's register of actions indicates that Petitioner was arraigned on the assault of a prison employee charge on February 17, 2021. (*Id.*, PageID.27.)

Section 780.131 provides:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

Mich. Comp. Laws § 780.131(1). Notably, however, Section 780.131(1) does not apply "to a warrant, indictment, information, or complaint arising from . . . [a] criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility." *Id.* § 780.131(2)(a).

In *Brown v. Romanowski*, 845 F.3d 703 (6th Cir. 2017), the Sixth Circuit Court of Appeals reviewed the clearly established federal law with respect to the constitutional requirement for a speedy trial:

8

> The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. These rights apply to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). The purpose of the speedy-trial guarantee is to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished. *Doggett v. United States*, 505 U.S. 647, 654 (1992); *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986); *United States v. MacDonald*, 456 U.S. 1, 7–8 (1982); *Barker v. Wingo*, 407 U.S. 514, 532–33 (1972); *United States v. Marion*, 404 U.S. 307, 320 (1971); *United States v. Ewell*, 383 U.S. 116, 120 (1966). The sole remedy for a violation of the speedy-trial right is dismissal of the charges. *See Strunk v. United States*, 412 U.S. 434, 439–40 (1973); *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999).
>
> In *Barker*, the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed right to a speedy trial. *Barker* held that a court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances. *Id.* at 533.

*Brown*, 845 F.3d at 712. The *Barker* Court acknowledged that its test was a flexible balancing test and, thus, "necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." *Barker*, 407 U.S. at 529–530. The flexibility of the test has significant implications for this Court's review under the AEDPA standard. "'The more general the rule at issue'—and thus the greater the potential for reasoned disagreement among fair-minded judges—'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Renico v. Lett*, 559 U.S. 766, 776 (2010) (quoting *Yarborough*, 541 U.S. at 664).

In the Michigan state courts, the right to a speedy trial is guaranteed by the United States constitution, U.S. Const. amend VI; the Michigan constitution, Mich. Const. 1963 art.1, § 20; state statute, Mich. Comp. Laws § 768.1; and court rule, Mich. Ct. R. 6.004(D). *People v. Cain*, 605 N.W.2d 28, 39 (Mich. Ct. App. 1999); *People v. McLaughlin*, 672 N.W.2d 860, 867 (Mich. Ct. App. 2003). The Michigan state courts apply the *Barker* four-factor test "to determine if a pretrial

9

delay violated a defendant's right to a speedy trial[,]" whether the speedy trial right at issue arises from federal or state law. *Cain*, 605 N.W.2d at 39 (citing *People v. Collins*, 202 N.W.2d 769 (Mich. 1972)).[2]

Petitioner raised his 180-day "speedy trial" claim on direct appeal, and the court of appeals rejected it in a summary order for lack of merit. That order is entitled to AEDPA deference by this Court. *See Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (applying AEDPA deference to a Michigan Court of Appeals order stating only that leave to appeal was denied "for lack of merit in the grounds presented" (citing *Harrington*, 562 U.S. at 99–100)); *see also Smith v. Cook*, 956 F.3d 377, 386 (6th Cir. 2020) (noting that the *Harrington* presumption of a merits adjudication "prevails even when the state court's opinion wholly omits discussion of the federal claim"). For the reasons discussed below, Petitioner fails to demonstrate that the state courts' rejection of his ground for relief is contrary to, or an unreasonable application of, clearly established federal law.

As an initial matter, Petitioner has raised his claim for relief solely as a violation of state law regarding speedy trial requirements. However, to the extent that the state constitutional, statutory, and rule guarantees relating to a speedy trial require anything more than clearly established federal law requires, those additional requirements are purely matters of state law. Petitioner's challenge to the application of Mich. Comp. Law § 780.131 *et seq*. by the state courts

---

[2] Although the state courts apply the clearly established federal law, the *Barker* test, to evaluate "speedy trial" claims, they apply it a little differently than the federal courts. The state courts shift the burden of proof with respect to prejudice based on the length of the delay, drawing the line at 18 months. *Cain*, 238 Mich. App. at 112. The federal courts, however, eschew such a "bright-line rule." *Brown*, 845 F.3d at 717. Instead, the federal "courts must conduct a functional analysis of the right in the particular context of the case." *Id.* (internal quotation marks omitted) (quoting *United States v. Ferreira*, 665 F.3d 701, 709 (6th Cir. 2011)); *see Barker*, 407 U.S. at 522. This is a difference between the federal and state applications of the test, but the difference does not render the state court's application unreasonable or contrary to *Barker*. *See, e.g.*, *Brown v. Bobby*, 656 F.3d 325, 329–330 (6th Cir. 2011) (concluding that Ohio's use of a 270-day rule was not "contrary to" *Barker*).

is not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) (stating "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

To the extent Petitioner asserts a violation of his Sixth Amendment speedy trial rights, that claim lacks merit. The Muskegon County District Court's public docket reflects that although the assault occurred on February 14, 2020, Petitioner was not charged via a complaint until March 13, 2020. *See* Register of Actions, *People v. Jones*, No. 2020-20208614FY-FY (Muskegon Cnty. Dist. Ct.), https://micourt.courts.michigan.gov/case-search/court/D60 type "Jones" for "Last Name or Business," type "Dexter" for "First Name," select "Search," then select the link for No. 2020-20208614FY-FY) (last visited Aug. 22, 2024). A warrant for Petitioner's arrest was issued on that date as well. *See id.* Petitioner appeared via video for his arraignment on February 17, 2021, at which time the warrant was cancelled. *See id.*

Here, Petitioner was never formally arrested on the complaint issued on March 13, 2020. His trial began on December 7, 2022, and was adjourned for one week because Petitioner, through counsel, asked for time to produce a witness. *See* Register of Actions, *People v. Jones*, No. 2021-0000001222-FH (Muskegon Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C14 (type "Jones" for "Last Name or Business," type "Dexter" for "First Name," select "Search," then select the link for No. 2021-0000001222-FH) (last visited Aug. 22, 2024). The trial resumed on December 14, 2022, and the trial court found Petitioner guilty on that day. *See id.*

Petitioner's trial began more than one year after the complaint was filed against him. "A delay approaching one year is presumptively prejudicial and triggers application of the remaining three factors." *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005) (citing *Doggett*, 505 U.S. at 652 n.1). However, the critical element for a Sixth Amendment speedy trial claim is prejudice

11

to the defendant. The *Barker* Court identified three specific categories of harm that might accrue to a defendant because of undue delay in proceeding with trial: "(i) . . . oppressive pretrial incarceration; (ii) . . . anxiety and concern of the accused; and (iii) . . . the defense [could] be impaired." *Barker*, 407 U.S. at 532 (footnote omitted).

Here, Petitioner fails to argue, and the Court fails to discern, any prejudice that resulted from the delay. Petitioner cannot argue that he experienced "oppressive pretrial incarceration," as he was not a pretrial detainee at the time the complaint was filed. Petitioner is currently serving, *inter alia*, a life sentence imposed in 2019 for first-degree murder. *See* Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=603497 (last visited Aug. 22, 2024). Petitioner committed the assault when he was serving that sentence, and other sentences, as an inmate at the Earnest C. Brooks Correctional Facility. Nor does Petitioner argue that any delay caused him "anxiety and concern" or that it impaired his defense in any way.

In sum, Petitioner's claim that the trial court erred pursuant to Mich. Comp. Laws § 780.131 *et seq.* is not cognizable on federal habeas review. Moreover, to the extent that Petitioner asserts a violation of his Sixth Amendment speedy trial rights, he is not entitled to federal habeas relief. Accordingly, Petitioner's Section 2254 petition will be dismissed.

## IV.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "A petitioner satisfies this standard by demonstrating that jurists of reason ... could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, the Court does not certify that an appeal would not be taken in good faith.

## Conclusion

Petitioner has failed to raise a meritorious federal claim in his Section 2254 petition. Accordingly, the Court will enter an order and judgment dismissing the petition and denying a certificate of appealability.

Dated:  August 28, 2024               /s/ Sally J. Berens
                                      SALLY J. BERENS
                                      United States Magistrate Judge

13